ALGIE WHITE *et al.,* COMPLAINANTS, APPELLEES, *v.* G. M. CALLIS *et al.,* DEFENDANTS, APPELLANTS.

(*Jackson,* April Term, 1932.)

Opinion filed June 18, 1932.

W. R. LANDRUM, for complainants, appellees.

ELDER & ELKINS, for defendants, appellants.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The town of Dyer was chartered by chapter 267 of the Acts of 1899. The town council is authorized "to exclusively license and regulate billiard tables, bowling alleys," etc. Acting upon this authority, the town council, in 1931, by ordinance levied a privilege tax of $100 per annum upon each billiard table. Under the Revenue Act of 1927 the legislature levied a privilege tax for State purposes on each billiard table in towns of less than ten thousand inhabitants at $25 per annum, and provided that the counties and municipalities could not levy a tax in excess of that sum. It will thus be noted that the town has levied a tax in excess of that authorized by the legislature.

Complainants, who operate four billiard tables in Dyer, tendered the tax on a basis of $25 per annum which was declined, and complainants were arrested for operating without a license. They thereupon filed the bill in this cause, in which the validity of the ordinance is attacked. The cause was heard upon a stipulation, and the chancellor held so much of the ordinance as imposed a tax in excess of $25 per table void, and the town has appealed.

The constitutional questions raised as to the impairments of contracts and the like merit no serious consideration. The municipality is an arm of the State, was created by it, and the legislature may repeal its charter altogether or modify or amend it at pleasure.

Counsel for the town of Dyer construe the phrase "to exclusively license" to mean to fix the tax at such sum as it deems proper, while the intention was to confer the power to license and regulate on the "town council" to the exclusion of all other officials. There is an implied power to fix the amount of the tax, but within the limi-

tations prescribed by the general law of the State. Cases directly in point are *Rutledge* v. *Brown,* 82 Tenn., 124, and *Ignaz et al.* v. *Knoxville,* 1 Chy. App., 3.

Affirmed.